## GOLDEN WEST BREWING CO. v. MILONAS & SONS, Inc.

### No. 9070.

Circuit Court of Appeals, Ninth Circuit.

June 23, 1939.

**Rehearing Denied July 25, 1939.**

Charles E. Townsend and Roy C. Hackley, Jr., both of San Francisco, Cal., for appellant.

William S. Graham, of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The decree of the district court found appellant owned two registered trade marks, "Golden Glow" and "Glow", to designate its malt beverages, extracts and liquors; that appellee had infringed them for nearly three years before this suit was brought, by the use of a label "Alpen Glow" on the beer it sold. The court ordered an injunction, but denied an accounting. Appellant procured its writ of injunction, recovered its costs, and appeals from that portion of the decree which denied the accounting, and its failure to enjoin the use of defendant's label on beverages other than malt.

Appellee claims that by acceptance of that portion of the decree for the injunction and costs, appellant has forfeited its right of appeal from the denial of the accounting. There is no inconsistency in appellant's action. The acceptance of the benefit of the decreed relief in no way deprives the appellant from appealing from the denial of the separate and additional relief of an accounting. There is no merit in this contention. Electrical Fittings Corp. v. Thomas & Betts Co., et al., 306 U.S. ——, 59 S.Ct. 860, 83 L.Ed. ——, May 22, 1939.

Appellee has not appealed, hence the law of the case is that the trade marks are valid and have been infringed. All the testimony was viva voce and the usual presumptions exist concerning the support of the findings by the evidence.

The appellee's answer pleaded laches and, in substance, acquiescence by appellant in appellee's use of the infringing label.

882

The court decided "that it would be inequitable" to order the accounting. The delay of nearly three years in bringing the suit has no explanation in the evidence and we find and hold it to constitute laches warranting the denial of the accounting. McLean v. Fleming, 96 U.S. 245, 256–258, 24 L.Ed. 828; Cf. Middleby-Marshall Oven Co. v. Williams Oven Co., 2 Cir., 12 F.2d 919, 921.

As to acquiescence, it appears, and the court found, that the appellee submitted its "Alpen Glow" label to appellant's general manager before using it on the beer sold by appellee, and that the general manager made no objection to its use. Appellee applied in the Patent Office for registration of its "Alpen Glow" as a trade mark, where appellant first filed an opposition which it later withdrew without prejudice. No other protest by the appellant's management to that of appellee is shown during the nearly three years' use of the infringing label. From these facts the district court could have inferred acquiescence. We agree with the district court's holding that it would be inequitable to decree the accounting. Cf. Russell v. Farley, 105 U.S. 433, 437, 438, 26 L.Ed. 1060; Inland Steel Co. v. United States, 306 U.S. 153, 59 S.Ct. 415, 417, 83 L.Ed. —.

Nor do we construe the provision of the statute, Trade-Mark Act Feb. 20, 1905, § 19 (15 U.S.C.A. § 99), "and upon a decree being rendered in any such case for wrongful use of a trade-mark the complainant shall be entitled to recover" damages for the infringement as requiring an accounting and recovery of damages where, as here, there were laches, acquiescence and the absence of wrongful intent.

The registration of appellant's trade marks confine their use to malt beverages, extracts and liquors and the injunction restrained appellee's use of the trade mark "Alpen Glow" for malted beverages. Appellant complains that the injunction did not apply to beverages other than malted. Since there is no evidence that appellant had used its trade mark in the sale of such other beverages or that it intended so to do, there is no reason why we should consider the question of the applicability of the trade mark to non-malt beverages, even though they be sold competitively with appellant's malted beverages. There is no error in the extent of the injunction.

Appellant assigns as error the failure of the district court to find unfair competition as well as infringement of the trade marks. Since the injunction prohibits the use of appellee's trade mark, and since unfair competition would no more entitle appellant to the accounting relief than the infringement, the failure to make the finding of which the absence is challenged as error, is immaterial and warrants no consideration here.

Decree affirmed.