**John William WHALEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**
**No. 19826.**

United States Court of Appeals
Ninth Circuit.

June 28, 1966.

Rehearing Denied Aug. 26, 1966.

Patrick Coleman, Los Angeles, Cal., for appellant.

Manuel Real, U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and BARNES and ELY, Circuit Judges.

PER CURIAM:

Appellant was charged in an indictment consisting of eight counts. Two of them alleged violations of the provisions of 18 U.S.C. § 1621, and the remaining six alleged violations of the prohibitions of 18 U.S.C. § 1343. In a jury trial, there were acquittals as to seven counts and a conviction on one count grounded upon alleged violation of 18 U.S.C. § 1621.

The specific perjury of which appellant was convicted was his sworn answer of "No" to the question, "Do you know a man named Spindler?" The evidence reveals the existence of an individual known at various times as Julius Spindler, Morris Rosenblatz, or Russ Jones. It is clear from the record that this individual was known to the appellant, but we cannot find sufficient evidence to support the charge that the individual had ever been known to appellant by the name of Spindler. His having been so known was an indispensable condition to a valid conviction of the specific charge in question.

The appellant filed his brief on March 10, 1965. On March 17, 1965, we, at the request of the Government, extended, until April 17, 1965, the time within which

it might file an answering brief. On March 30, 1965, we granted the Government's motion for supplementation of the record on appeal. To this time, the record before us has not been supplemented, and the Government has filed no brief in reply to that which the appellant filed nearly fifteen months ago.

During oral argument, the Government's attorney was unable to direct our attention to any evidence in the record before us which would support the conclusion that at the time of the commission of the alleged offense, appellant did, in fact, know any person as a person "named Spindler".

The Government's attorney maintained in his oral argument that there is "circumstantial evidence" which is sufficient to support the conviction. This evidence is claimed principally to be that when a Government investigator presented to appellant a photograph of the individual known by the several names, the appellant denied that he recognized the individual. This is simply not enough. That the appellant may have lied on that specific occasion is wholly insufficient to establish that he falsely testified in connection with the specific charge of perjury for which he was convicted. While circumstantial evidence may support a conviction, it must be adequately sufficient to enable a reasonable determination that it excludes every hypothesis except that of guilt. Woxberg v. United States, 329 F.2d 284 (9th Cir.), cert. denied, 379 U.S. 823, 85 S.Ct. 45, 13 L.Ed.2d 33 (1964); Byrnes v. United States, 327 F.2d 825 (9th Cir.), cert. denied, 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739 (1964).

As we have observed, the evidence supports the conclusion that the person concerning whom the inquiry was made was known to the appellant. There is some evidence from which it might have been determined that the person was known to the appellant by the name of "Julie", but conviction depended upon proof that the appellant knew the individual by the specific surname of "Spindler" and not merely that he knew him by the first name of "Julie", or even "Julius". Since it clearly appears that the person was known by the names of Morris Rosenblatz and Russ Jones, as well as by the name of Spindler, there was no sufficient exclusion of the hypotheses that he may have been known to appellant under some name or names other than Spindler. The prosecution has failed to meet its burden.

The judgment of conviction is reversed and the cause is remanded with the instruction that Count One of the indictment be dismissed.