**Barbara GONZALES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20383.**

United States Court of Appeals Ninth Circuit.

Feb. 14, 1967.

Rehearing Denied March 3, 1967.

**113**

conspirator, had been arrested, she had monitored conversations with him in telephone calls which he had placed to her home. That which appellant said in these telephone conversations is the only evidence claimed by appellee to support the determination that she was an active participant in the conspiracy. We have carefully reviewed it. In our opinion it is simply not enough to overcome reasonable doubt.

The case for the Government was carefully presented, and it is clear that it was fully developed.

Upon remand, the District Court will dismiss the indictment.

Reversed and remanded with directions.

———◆———

Carl L. Fabbroni, of O'Connor, Milford, Porter, Fabbroni & McKillop, San Diego, Cal., for appellant.

John P. Hyland, U. S. Atty., William Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY, MERRILL, and ELY, Circuit Judges.

PER CURIAM:

Appellant's husband was involved in a conspiracy to violate the narcotics laws,[1] and she, too, was convicted of the offense. In her appeal she presents several contentions. We need only to consider the claim that the Government's evidence was insufficient to support the conviction.

The contraband was transported from Tijuana, Mexico, where appellant and her husband resided, to Sacramento, California. It was transported by a Government informer, who, in the course of the trip, attempted twice to reach appellant's husband by telephone. The husband was not at home, and brief conversations, monitored, were had between the informer and the appellant. After the appellant learned that one Linares, another

---

1. 38 Stat. 275 (1922), as amended, 21 U.S.C. § 174 (1964).