UNITED STATES of America,
v.
Harry WEILER, Appellant.
No. 16302.

United States Court of Appeals
Third Circuit.

Argued Sept. 11, 1967.

Decided Nov. 3, 1967.

Louis Lipschitz, Lipschitz & Chaefin, Philadelphia, Pa. (Jerold G. Klevit, Philadelphia, Pa., on the brief), for appellant.

James Lightfoot, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Francis R. Crumlish, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Appellant was convicted by a jury and sentenced under 18 U.S.C. § 1001 of knowingly and willfully making a false statement in an application for license under the Federal Firearms Act.[1] The materiality of the statement is not challenged. By this appeal appellant seeks an order either discharging him or granting him a new trial for reasons hereinafter considered.

The trial record entitled the jury to conclude that on or about February 27, 1964, the appellant signed and caused Form 7 (Firearms) to be delivered to the District Director of Internal Revenue. By filing this form the petitioner sought a license under the Act to transport, ship and receive firearms and ammunition in interstate and foreign commerce. The printed form recited, insofar as here pertinent, that the undersigned applicant "states as follows: The applicant * * * has never been convicted of a crime punishable by imprisonment for a term exceeding one year." The Government alleged that this statement was false and fraudulent in the light of its claimed proof that in 1945 the appellant was placed on probation for two years after pleading guilty to the crime of assault and battery in Pennsylvania, which crime was then punishable by imprisonment for a term exceeding one year.

Additional facts are best developed in connection with the discussion of the assigned grounds of error.

The appellant's first contention is that his motion for a judgment of acquittal at the close of the Government's case should have been granted because the Government failed to prove that any false statement of the appellant was made by him knowingly and willfully. The Government of course had the burden under the statute (18 U.S.C. § 1001) of introducing evidence which would justify such a finding beyond a reasonable doubt. However, the appellant's argument as to the Government's proof seems really to be based on a legal issue rather than an evaluation of its sufficiency. We say this because appellant's counsel argued that the fact that appellant may have been sentenced to two years on probation in 1945 did not establish that when he signed the application in 1964 he, as a layman, knew he could have been sentenced in 1945 to a term exceeding one year. Otherwise stated, the appellant's counsel would have us hold that there cannot be a conviction for making a willfully false statement when the statement made in the answer requires expert or special knowledge on the part of the answerer.

We are not prepared to adopt the general rule of law which appellant tenders. There may be situations where such a rule would be applicable. Here, however, the applicant made a request to a Government agency and was required to make a representation which was material to the subject matter of his request. Certainly he cannot, at least as a matter of law, be relieved of the consequences of a material misrepresentation when the means of ascertaining the truthfulness of his statement were available. There is no suggestion that the appellant was not free to fill out the form at his leisure. He must be assumed to have been aware of his own criminal convictions, at least the more serious ones. Assuming, therefore, that he had been convicted in 1945, he had ways to check on the accuracy of his representation that he had not been convicted of a crime for which he could

---

1. 15 U.S.C. § 901 et seq.

have been sentenced for a term exceeding one year. There was nothing about the 1945 sentence which justified him in believing beyond challenge that his representation was true.

The instructions accompanying the Form cite the statute and make it clear that any person knowingly making a false statement therein is subject to criminal prosecution. It also relates that a license will not be issued to any person who has been convicted, inter alia, of a crime punishable by imprisonment for a term exceeding one year. If we were to recognize the defense here asserted by appellant, the trial court would have had to take the issue from the jury. Such a result would produce a perversion of the statutory purpose in a situation where principles of fairness do not require it.

Appellant relies on United States v. Slutzky, 79 F.2d 504 (3rd Cir. 1935). The court there said that a person testifying under oath cannot thereafter be convicted of perjury when his answer is legally truthful. To state the conclusion is to distinguish it from the present case.

We conclude that the appellant's basis for asserting that the Government failed to prove that any false statement of appellant was made by him knowingly and willfully is without merit. The matter was properly a jury issue here.

■ The appellant next states that the Government failed to prove that the appellant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Government's evidence that appellant had been so convicted consisted of an exemplified record showing that someone named Harry Weiler was convicted by a state court of assault and battery in Philadelphia in 1945 and placed on probation for two years. The other evidence consisted of testimony that appellant lived in Philadelphia at that time and a pre-trial statement by him, brought out in the Government's case, that he had previously been arrested by the Philadelphia police.

Appellant's counsel contends, as he did throughout the trial, that the proof was insufficient to make out a case for jury consideration as to whether appellant was the individual convicted in 1945.[2] The Government contends that it satisfied the requirement of this Circuit as announced in Hefferman v. United States, 50 F.2d 554 (3rd Cir. 1931). In the Hefferman case the court said:

"To identify the offenses and the defendant the government introduced the record of two prior convictions in the same court of a man of the same very unusual name for the same offenses of selling liquor and maintaining a nuisance at the same address (600 Morton Avenue) in the same city and in the same judicial district. There was no other identification of the offenses or the defendant; yet this, we hold, was prima facie identification of both within the law [citing cases] * * *."

We conclude that the Government's evidence was insufficient to make out a prima facie identification here even under the Hefferman ruling. We say this because we cannot agree that the appellant's name is so unusual as to be persuasive even though, as the trial court found, there is a paucity of such names in the Philadelphia telephone directory. Nor, unlike the Hefferman case, do we even have a street address for the individual convicted in 1945. And, of course, we are not talking about a similar offense, remoteness aside.

■ Since the judgment of conviction must be set aside because of the insufficiency of the proof, this court, in the exercise of a sound discretion, must decide whether to direct a judgment of acquittal or order a new trial. See Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); cited with apparent approval in Neely v. Mar-

2. The appellant did not testify at the trial.

tin K. Eby Construction Co., 386 U.S. 317, 322, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967); and see United States v. Kuzma, 249 F.2d 619 (3rd Cir. 1957).

We think that at a new trial the defect in the evidence might well be supplied. We will therefore remand the case to the trial court under a special mandate pursuant to which the Government will be required to make a preliminary showing to the trial court of the evidence which it can produce which it feels would create a jury issue on "identification." Compare Clark v. United States, 293 F.2d 445, 448 (5th Cir. 1961). If the trial court is satisfied that a sufficient showing has been made it shall order a new trial, otherwise it shall enter a judgment of acquittal. The trial court may adopt appropriate mechanics to implement our mandate.

▇▇ Since there may be a new trial, we consider other issues presented by appellant which could well arise again. We first note that the trial judge instructed the jury on the important issue as to the appellant's prior conviction. He stated as follows to the jury:

"And you have G–10, [exemplified record of 1945 conviction] which is the only evidence on the point. There is nothing contradictory that I can recollect—that this defendant was convicted in February, 1945, and adjudged guilty of the crime of assault and battery.

"And I instruct you that the penalty for the crime of assault and battery, of which he was adjudged guilty, may be more than one year. So it is punishable by imprisonment for a term exceeding one year. That does not mean the punishment had to be given for more than one year, but it was a crime which was punishable by imprisonment for a term of more than one year. That is the first element of the crime."

We think it is evident from a reading of the quoted portion of the charge that the court was in reality giving binding instructions to the jury on an issue repeatedly raised by defendant's counsel at the trial, viz., whether the Harry Weiler convicted in 1945 was the same Harry Weiler who was then on trial. This was an issue for the jury under proper instructions and was not to be assumed to have been established as an undisputed fact. Indeed, even under the Hefferman case, it is only prima facie evidence for the jury.

We think the instructions on this important issue contained plain error which is a further ground for requiring a new trial. We also take occasion to note another inadvertence in the quoted portion of the instructions. The reference in the application to a conviction punishable by imprisonment for a term of more than one year should be explicitly related to the date of conviction and not to the time of the instant trial.

▇▇ We turn to appellant's final asserted ground of error. Appellant contends that the trial court committed error by permitting the Government, in support of its burden of showing that the false statement was willfully made, to introduce evidence that on other occasions appellant uttered falsehoods on other matters.

Both sides agree that, absent undue prejudice, the trial court, in the exercise of a sound discretion, may admit evidence of similar offenses to prove a charge of willfulness. See United States v. Stirone, 262 F.2d 571 (3rd Cir. 1958), reversed on other grounds, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); and see United States v. Alker, 260 F.2d 135 (3rd Cir. 1958), cert. denied, 359 U.S. 906, 79 S.Ct. 579, 3 L.Ed.2d 571 (1959). We call attention to the fact that the willfulness element requires proof of an evil motive. See United States v. Palermo, 259 F.2d 872 (3rd Cir. 1958). But appellant says the offenses relied on by the Government were not sufficiently similar to the present charge to be admissible. We turn to the evidence on this troublesome point.

A special government investigator testified that on September 23, 1964, he spoke to the appellant about the application which he had filed the previous February. He stated that appellant told him that he had lived at the street address contained in his application continuously for fifteen years with the exception of three months prior to the date of the interview. Parenthetically, we note that the application did not require any representation to be made as to how long the appellant had lived at his present address. The Government next called as a witness an individual who testified that from 1957 to 1962 he and his family had lived at the address given by appellant and that the appellant had not lived there during that period. Indeed, he testified he was making payments to appellant under a lease during the period. Another witness corroborated this testimony.

Assuming without deciding that this testimony evidenced an "offense" within the Stirone case, we do not think it was sufficiently similar to be significantly probative of the willfulness element of the charge on which the appellant was being tried. His "lie" as to his length of residence did not tend to avoid a charge of any misrepresentation in his application for a license. We find that it was not sufficiently probative of "willfulness" to be admitted on that issue. We think it was inadmissible under a sound exercise of discretion by the trial court. Compare United States v. Long, 257 F.2d 340 (3rd Cir. 1958).

 We next consider the evidence that the appellant made a false and material misstatement on his application to the Department of Defense for an allotment based on his son's military service.

The Government introduced into evidence appellant's application for an allotment filed with the Department of Defense in which he swore that on January 3, 1963, his only income for the past twelve months was from unemployment compensation. The allotment form directed the appellant to list gross receipts from rents as well as expenses. The appellant listed "none" in both places. Testimony of a witness who knew appellant was introduced by the Government which showed that for approximately three and one-half years immediately prior to the trial (January 1966) she had been paying him by check $100 per month rent for her apartment. Incidentally, if there is a new trial we think cancelled checks for payments made in the pertinent period might well be offered, if available.

From this evidence the jury could have found that less than 14 months before he filed the application for a license under the Federal Firearms Act he swore falsely about a material fact in order to obtain favorable action from the Government on his application for an allotment. He was on notice from the language of the allotment form that this was a crime. We think this was evidence of a similar offense under the Stirone case and the other authorities. Nor was it too remote in time. See United States v. Feldman, 136 F.2d 394, 399 (2nd Cir. 1943). Its admissibility was therefore controlled by the sound discretion rule. Certainly the similar offenses rule is not to be confined in effect to "duplicates" of the charged offense, at least when the purpose for its introduction is to establish that the act was done willfully.

We therefore conclude that upon a retrial the admissibility of the evidence of a misstatement in appellant's allotment application is to be decided by the trial court under the sound discretion rule. If admitted it of course must be accompanied by proper instructions to the jury. We recognize the danger here involved, but we think that frequently in cases such as this the Government can only discharge its burden of proving willfulness and knowledge by the use of circumstantial evidence. This is not to say that the end justifies the means but merely that the evidentiary requirements of the criminal law should accord some recognition to the realities of life

whether the prosecution or the defense be involved.

The judgment of the district court will be reversed and a new trial granted.

KALODNER, Circuit Judge, joins in the result reached.