UNITED STATES of America, Plaintiff-Appellee,

v.

Vernon Percy HOWARD, Defendant-Appellant.

No. 25162.

United States Court of Appeals, Ninth Circuit.

Oct. 9, 1970.

5. Campbell v. United States, 221 F.2d 454 (4th Cir. 1955); Gaston v. United States, 222 F.2d 818 (4th Cir. 1955).

Stephen C. Cowper (argued), Boyko & Walton, Anchorage, Alaska, for defendant-appellant.

A. Lee Petersen (argued), Asst. U. S. Atty., Douglas B. Baily, U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before MADDEN,* Judge, United States Court of Claims, and ELY, and HUFSTEDLER, Circuit Judges.

J. WARREN MADDEN, Judge, announced the judgment of the court, and the following opinion.

The United States put Howard, hereinafter designated as the defendant, on trial on the second count of an indictment, which count charged that the defendant sold and facilitated the sale of heroin, knowing that the heroin had been imported into the United States in violation of 21 U.S.C.A. § 174. The trial was in the United States District Court for the District of Alaska, before a jury, which found the defendant guilty as charged. Timely motion for new trial or judgment of acquittal were made and denied by the court. Sentences of imprisonment and fine were imposed. The defendant appealed to this court.

At the trial, the Government's evidence was to the effect that the defendant had an active part in the sale of certain heroin. At the close of the Government's case the defendant's counsel made a motion for an acquittal. The motion was denied.

The defendant testified in his own behalf. He was the only witness for the defense.

The Court asked the Government if it had any proposed instructions to offer. The Government requested that an instruction referring to the inference of importation and knowledge of importation, from the proof of possession of a narcotic, as authorized by the second paragraph of 21 U.S.C.A. § 174 be given. The Court refused to give such an instruction, saying that the Supreme Court of the United States in the case of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), holding that the § 176a inference of importation, and knowledge thereof, from proof of possession, was invalid, had made doubtful the validity of the inference as applied to narcotics such as heroin.

The Government then made a motion to re-open its case, and for a continuance. This would have been for the purpose of presenting, if it could, evidence that the heroin in question had in fact been imported, and that the defendant knew that it had been imported. The Court denied the Government's motion.

The defendant renewed his motion for an acquittal. The motion was denied.

---

* Honorable J. Warren Malden, Senior Judge, United States Court of Claims, sitting by designation.

During the closing arguments neither side mentioned the § 174 statutory inference of importation and knowledge. The jury found the defendant guilty. Thereafter, the defendant moved for a new trial or for a judgment of acquittal, on the grounds that there was no evidence of importation, or of knowledge by the defendant of importation, which are elements of the crime for which the defendant was on trial. The defendant's motion was denied. The instant appeal followed.

The trial court was in error in refusing to give the instruction, requested by the Government, based upon paragraph 2 of § 174. The Supreme Court has held, more recently than the Leary decision, *supra,* that the statutory inferences of § 174 are still applicable to the possession of heroin. United States v. Turner, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed. 2d 610 (1970). Having laid down, though erroneously, the important rule that paragraph 2 of § 174 was not applicable to the case before the Court, the only basis on which the trial could proceed rationally was the basis that the Court's ruling was the law of the case. See 36 C.J.S. Federal Courts § 297(8); 21 C.J.S. Courts § 195a; Golden West Brewing Co. v. Milonas & Sons, 104 F.2d 880 (9th Cir. 1939); Zdanok v. Glidden Co., 327 F.2d 944 (CA 2, 1964). Any ruling by the trial court thereafter had to be consistent with the law laid down as the law of the case. When, therefore, the evidence on both sides had been submitted, and it contained nothing bearing upon the question whether the heroin had in fact been imported, or not, or whether, if it had been imported, the defendant knew that it had been, or not, it was a case in which there was no evidence to support crucial elements of the prosecution's case. The defendant was entitled to a judgment of acquittal. If such a judgment had been entered, either after a directed verdict of not guilty, or as a result of the court's taking the case from the jury, that would have ended the case, and any retrial would have been double jeopardy for the defendant.

The jury did not acquit the defendant. It convicted him. Therefore, in order to escape that conviction, it had become necessary for him to appeal. One who, by a successful appeal, gets the prior judgment reversed because it was erroneous, cannot, ordinarily, validly object to being subjected to a new trial in which the error of which he complained will not be repeated. But in the instant case, in which the error was the failure of the trial court to direct an acquittal by the jury, or itself render a judgment of acquittal, what the appellant desires, quite naturally, is a determination by the appellate court that will put the appellant in the position that he was in when, in the former trial, he was entitled to an acquittal and would have gotten it, but for the second error of the trial court.

Efforts by litigants to induce an appellate court to reconstruct a trial record by going back to an error occurring early in a trial, determining how the trial would have developed if it had not been warped by that early error and thus arriving at the result which would have been arrived at if a trial without that error, instead of the trial that was actually held, had taken place, have not been fruitful. The case of Kline v. Kachmar, 360 Pa. 396, 61 A.2d 825 (1948) is an example. In Kline, the Supreme Court of Pennsylvania declined to reconstruct the record as requested, although, in refusing, it was obliged to overrule an earlier Pennsylvania case, Conley v. Mervis, 324 Pa. 577, 587, 188 A. 350 (1936).

The windfall acquittal which the defendant might well have received as a result of the trial court's first error, would have had no relation to the merits of the case. The defendant acquired no vested right in that error. Normal procedure requires that the defendant's conviction be reversed and that the case be remanded for further proceedings. Other errors complained of by the defendant may not

be involved, if there is a retrial, and I express no opinions about them.

Reversed and remanded.

ELY, Circuit Judge, with whom HUF-STEDLER, Circuit Judge, joins (concurring):

 Judge Hufstedler and I concur in the result reached in Judge Madden's opinion, but in concluding that Howard may be retried, we take a slightly different approach. We cannot see that any serious problem concerning the issue of double jeopardy is presented. Nor can we see that the two Pennsylvania civil cases cited in the principal opinion are significantly germane. When a judgment of conviction is reversed for insufficiency of the evidence, the determination of whether the indictment should be dismissed or there should be a retrial rests within the discretion of the court. *See, e. g.,* Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); C. Wright, Federal Practice and Procedure, Criminal § 470. When an appellate court exercises this discretion, it must look to the record, undertaking to ascertain if the prosecution had the opportunity fully to develop its case, or, in fact, did so. If it did, or if it appears that it was responsible for its failure adequately so to do, then it is not ordinarily fair that the successful appellant should be required to undergo another trial. *See, e. g.,* Davis v. United States, 382 F.2d 221 (9th Cir. 1967); Gonzales v. United States, 374 F.2d 112 (9th Cir. 1967); Whaley v. United States, 362 F.2d 938 (9th Cir. 1966).

Here, it can hardly be said that the prosecution's case was fully developed. In the light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), the district judge quite understandably resolved the question whether the prosecution was entitled to the application of the statutory presumption in favor of the accused. Subsequently, the Supreme Court, drawing a distinction between the presumption relating to marijuana, invalidated in *Leary,*

and the presumption relating to heroin, held that the application of the latter is appropriate. Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). Thus, when the district judge disposed of the motion for judgment of acquittal, the prosecution, through no fault of its own, had been deprived of an advantage to which it was entitled in the court's consideration of the motion. In these circumstances, its case has not been fully developed, and it cannot be faulted for the deficiency of proof which requires reversal.