**UNITED STATES of America,**
**Appellee,**

v.

**Arthur Joseph MAYER, Appellant.**

**No. 26128.**

United States Court of Appeals,
Ninth Circuit.

April 8, 1971.

James M. Carter, Circuit Judge, concurred in part and dissented in part and filed opinion.

Thomas J. McLaughlin, (argued), Phoenix, Ariz., for appellant.

N. Warner Lee, Asst. U. S. Atty., (argued), Richard K. Burke, U. S. Atty., Phoenix, Ariz., for appellee.

Before ELY, CARTER and HUF-STEDLER, Circuit Judges.

PER CURIAM:

 Our review of the record convinces us that the judgment of conviction must be vacated. The evidence presented by the prosecution did not justify a jury instruction relating to inferences which might be drawn from possession of recently stolen property. This is so because of the deficiency of proof regarding Mayer's alleged possession of the property in question, either actual or constructive. *See, e. g.,* Lawrence v. United States, 400 F.2d 624, 627 (9th Cir. 1968). Excluding impermissible inferences, the evidence was simply insufficient to support Mayer's conviction of the offense with which he was charged. Upon remand, the indictment will be dismissed.

Reversed.[1]

---

[1]. In his dissenting comments, Judge Carter recognizes that our court should, in some circumstances, direct the dismissal of an indictment when it vacates a conviction for insufficiency of the evidence. All agree that the power is discretionary, and the majority accepts the proposition that it is a power that should be exercised with caution. In this particular case, the majority's view, expressed quite simply, is that it would be manifestly unfair to subject Mayer to further exposure. It is obvious from the record that the prosecution recognized its need to establish that Mayer had possession of the stolen vehicle. Unless it could do so by the requisite degree of proof, it could not prove its case; consequently, it is inconceivable to the majority that the prosecuting authorities did not accumulate and present every bit and piece of admissible evidence which was available. With all of its resources, the Government could only muster evidence which Judge Carter him-

JAMES M. CARTER, Circuit Judge (concurring and dissenting).

With reluctance I concur in a reversal of this action on the grounds stated in the per curiam opinion. The majority now insists and orders that on remand the indictment be dismissed. From this part of the opinion I dissent.

There is no doubt about the proposition that the Court of Appeals has the *power* to remand for a new trial or to remand and order a dismissal. Bryan v. United States (1950) 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335, expressly holds that an "order for a new trial was a just and appropriate judgment which the Court of Appeals was authorized to enter * * *". (p. 560, 70 S.Ct. p. 321). Inferentially, the case stands for the proposition that a Court of Appeals has power to remand and order a dismissal of the indictment.

The real question is one of the proper administration of the criminal law, and whether in the ordinary case where there has been found an insufficiency of the evidence, the Court of Appeals should order a dismissal of the indictment rather than remand to the district court for a new trial and allow that court to pass on whether or not a case could be made out on the retrial. Our case is purely and simply a case-raising the question of the sufficiency of the evidence as presented in the court below. It is not a case where it is apparent on the record that a case could not be made out on a new trial, such as e. g. a case where the principal witness had been proved to be a perjurer or the records showed that no further proof could be produced, or where the Government has conceded that no further proof could be produced.

In a concurring opinion, not cited here, United States v. Howard (9 Cir., Oct. 9, 1970), 432 F.2d 1188, Judge Ely states, "When an appellate court exercises this discretion [to order dismissal or a retrial], it must look to the record,

undertaking to ascertain if the prosecution had the opportunity fully to develop its case, or, in fact, did so. If it did, or if it appears that it was responsible for its failure adequately so to do, then it is not ordinarily fair that the successful appellant should be required to undergo another trial."

*Howard*, in support of its holding, cites Bryan v. United States (discussed supra) and two per curiams, Whaley v. United States (9 Cir. 1966), 362 F.2d 938 and Gonzales v. United States (9 Cir. 1967), 374 F.2d 112. Neither per curiam discusses the problem as to whether the Court of Appeals or the district court might more suitably make the decision as to dismissal.

There are undoubtedly other cases where for various reasons, stated or unstated, this court has ordered that on remand the indictment be dismissed. But the *Howard* case comes nearest to stating a basis for such orders. However it does not discuss the real problem —in the proper administration of the criminal process, which court is better suited to make that decision.

On the other hand, in Julian v. United States (9 Cir. 1968), 391 F.2d 279, another per curiam, the matter was properly left to the district court. The court stated: "If the government can produce further evidence for a new trial, it should have the opportunity." In Bartlett and Company, Grain v. United States (10 Cir. 1965), 353 F.2d 338, the case was remanded to the district court for the exercise of its judgment, whether to direct a verdict of acquittal or grant a new trial. In United States v. Weiler (3 Cir. 1967), 385 F.2d 63 at 66–67, while recognizing that the appellate court may decide whether to direct an acquittal or to order a new trial, the court stated, "We think that at a new trial the defect in the evidence might well be supplied. We will therefore remand the case to the trial court * * *.

---

self agrees was woefully inadequate. While it accords much deference to Judge Carter's opinion, the majority refuses to

impose additional expense or other burdens upon the general public, the District Court, the prosecution, and Mayer.

If the trial court is satisfied that a sufficient showing has been made [by the Government's preliminary showing] it shall order a new trial, otherwise it shall enter a judgment of acquittal."

Having in mind the tools available to the district court and those available to the Court of Appeals for a determination of the issue as to whether there should be a dismissal or a new trial, the better rule would be that in the ordinary case involving solely the insufficiency of the evidence in the first trial, the district court should make the determination and not the Court of Appeals. As in *Weiler, supra,* (385 F.2d 63 at 66–67) the district court may require the United States Attorney to make a showing as to what additional evidence it can produce.

We should not build up a rule of law cutting off the Government from the prosecution of a criminal case on the ground that from the record before the Court of Appeals we are able to say that the government was responsible for failure to adequately develop the case, and it was therefore unfair to retry the defendant. The record on appeal in cases before us does not ordinarily indicate the various situations that might exist at the trial below. For example, at the time of trial a particular witness may have been unavailable, but would be available at a retrial, or there was a good faith belief on the part of the Government that its evidence was adequate and that additional witnesses were not called solely by reason of the Government's desire to save judicial time. Nor do we see anything unfair, in the ordinary case of insufficiency of the evidence below, in putting a defendant to a retrial on remand.

In the case at bar there was not raised or briefed the question as to whether this court should order retrial or dismissal of the indictment. There was no record as to the circumstances which led to the insufficiency of the proof presented by the Government. Nor was there any record as to whether or not the Government could supply the deficiencies. The majority simply conclude, without a record or briefing of the issue, that the indictment should be dismissed.

The power of the Court of Appeals to order the dismissal is clear. In certain cases the power should be exercised. In this particular case, the decision by a panel of this court to exercise that power is unwarranted.

The facts available to us from the record would indicate that the Government probably could produce additional evidence. The automobile involved in this Dyer Act case was at one time owned by the appellant. On September 6, 1967, it was confiscated by the State of California and on November 10, 1967, one Filinow purchased it from the State of California. He was the owner at the time of its theft, about November 14, 1968 and lived in Los Angeles, California. The record shows that the appellant some time before the theft, called Filinow on the telephone. The available inference from this bit of evidence is that the appellant knew where the owner of the car lived and where the car, formerly owned by the appellant, would be located. About a month after the theft, the car was discovered in the State of Arizona in a trailer park in the "immediate vicinity" of two trailer houses. The appellant had been staying in one of the trailers but was not present when the car was discovered. No evidence was produced that the appellant was seen in or near the car. However, the condition of the car indicated that work and alterations had been performed on it.

The Government on this record argued that the evidence was sufficient to justify the giving of the instruction permitting the inferences of interstate transportation by the appellant and knowledge by appellant, that the car was stolen, because of his constructive possession of recently stolen property. It would seem fundamental that the Government should be permitted to develop evidence, if it has or can secure any, of the appellant's presence in or near the car or work thereon; and evidence of the appellant's involvement, if any, in the arrival of the car at the trailer court,

and his use of the car thereafter. Sufficient evidence might be developed which would justify the giving of the instruction of which appellant complains.

I reluctantly concur in the reversal. I vigorously dissent from the order that the indictment be dismissed on remand.