Evan L. Hultman, U. S. Atty., Sioux City, Iowa, for plaintiff.

Gerard J. Glaza, Paul H. Kinion, Cedar Rapids, Iowa, for defendants.

**UNITED STATES of America, Plaintiff,**

v.

**Maurice HIGHFILL and Robert Noe, Defendants.**

**Crim. No. 71-Cr-1005-ED.**

United States District Court, N. D. Iowa, E. D.

March 31, 1972.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant Highfill's and defendant Noe's motions for judgment of acquittal or new trial filed March 13 and March 16, 1972 after a jury verdict of guilty on March 9, 1972, and on their motions for judgment of acquittal made at the close of all the evidence upon which the court reserved its ruling. All motions have been resisted by the government.

Defendants Highfill and Noe were charged in a two count indictment with conspiracy to violate and actually violating 18 U.S.C. § 2315 which provides:

Whoever receives, conceals, . . . or disposes of any goods . . . or

merchandise . . . of the value of $5,000 or more . . . moving as, or which are part of, or which constitute interstate . . . commerce, knowing the same to have been stolen . . .

shall be guilty of an offense against the United States.

Included in the several grounds for defendants' motions is the contention that the government failed to properly establish the value of the equipment allegedly stolen. At trial George O. Donaldson, Assistant Safety Director of Warren Transport, testified for the government as to his opinion of the value of the equipment. His opinion was based on how equipment is valued by shippers for purposes of insurance. He testified that the sole foundation of their estimate for this type of machinery is the weight. They use a rule of thumb, $1.00 per pound, to estimate the value. Based upon this rule, Mr. Donaldson estimated the value at $40,000.00.

It is defendants' position that Mr. Donaldson's testimony failed to properly establish the value of the property. After reviewing the entire testimony of Mr. Donaldson, defendants' motions and the briefs, the court is of the view that the government failed to prove an essential element of 18 U.S.C. § 2315.

■ "Value" as used in § 2315 "means . . . market value . . ." 18 U.S.C. § 2311. United States v. Tippett, 353 F.2d 335 (4th Cir. 1965), cert. denied 383 U.S. 908, 86 S.Ct. 889, 15 L.Ed.2d 664 (1966); United States v. Gordon, 421 F.2d 1068 (5th Cir. 1970), cert. denied 398 U.S. 927, 90 S.Ct. 1816, 26 L.Ed.2d 89 (1970), reh. denied 400 U.S. 858, 91 S.Ct. 23, 27 L.Ed.2d 97 (1970); United States v. Riso, 405 F.2d 134 (7th Cir. 1968), cert. denied 394 U.S. 959, 89 S.Ct. 1306, 22 L.Ed.2d 560 (1969). It is clear from Mr. Donaldson's testimony that his opinion as to the value of the equipment was in no way based on market value, its foundation rested entirely on the weight. He testified that although Warren Transport insures machinery for $1.00 per pound, it is not paid by the insurance companies on this estimate. In the court's view the government introduced no evidence on the market value of the property allegedly received by defendants.

■ Where, as here, defendants have moved for judgment of acquittal and the trial court finds that the evidence is insufficient to sustain a conviction, it has no choice but to enter judgment of acquittal. United States v. Wing, 302 F. Supp. 1247 (W.D.Mo.1969); 2 Wright, Fed. Practice and Procedure § 470. The language of Rule 29 is mandatory, at least for district courts, which do not have the same powers in this regard as do courts of appeals and the Supreme Court. 28 U.S.C. § 2106 as interpreted by Bryan v. United States, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950); *See,* Wright, *supra.* Although this produces the anomalous result that the district courts cannot order a new trial, but that higher courts can, that is the present state of the law. United States v. Dotson, 440 F.2d 1224 (10th Cir. 1971); United States v. Musquiz, 445 F.2d 963 (5th Cir. 1971); United States v. Lenhard, 437 F.2d 936, 938–939 (2d Cir. 1970); United States v. Mayer, 441 F.2d 322 (9th Cir. 1971); United States v. Stroble, 431 F.2d 1273 (6th Cir. 1970); United States v. Howard, 432 F.2d 1188 (9th Cir. 1970).

It is therefore

Ordered

Defendants are acquitted.