**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William BOYD, Defendant—Appellant.**

**No. 05–10324.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed April 24, 2006.

William S. Wong, AUSA, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff—Appellee.

Krista Joy Hart, Sacramento, CA, for Defendant—Appellant.

Before: THOMPSON and CALLAHAN, Circuit Judges, and MILLER,* District Judge.

## MEMORANDUM **

William Boyd, also known as William Boyd, III, appeals his conviction as a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). He argues that: (1) the trial court improperly admitted into evidence copies of court judgments of two prior felony convictions pertaining to another "William Boyd;" (2) he should have been acquitted because the government failed to provide sufficient evidence connecting him to any prior felonies; and (3) the prosecutor violated his Fifth Amendment rights by improperly commenting during closing argument on his failure to testify. We affirm his conviction.[1]

■ (1) When the prosecutor moved to admit into evidence certified copies of two prior convictions from a state superior court for a William Boyd, III, defense counsel objected on the grounds of authenticity, lack of foundation, and hearsay. The trial court overruled the objection. We hold that the certified copies were properly admitted. *See United States v. Weiland,* 420 F.3d 1062, 1072–73 (9th Cir. 2005) (holding that certified copies of public records of convictions are self-authenticating under Fed R. Evid. 902(2) and (4)); *see also United States v. Huffhines,* 967 F.2d 314, 320 (9th Cir.1992) (holding that certified judgments are admissible under Fed R. Evid. 902(4)).

On appeal, Boyd contends that the government failed to show that the prior convictions pertained to him and therefore failed to satisfy the relevancy requirement of Fed R. Evid. 401. Defense counsel, however, did not make an objection based on relevancy when the government sought to admit the prior convictions at trial. A party fails to preserve an evidentiary issue for appeal not only by failing to make a specific objection, but also by making the wrong specific objection. *United States v. Gomez–Norena,* 908 F.2d 497, 500 (9th

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the underlying facts, we do not state them here.

Cir.1990). Accordingly, we review Boyd's objection on appeal of the admission of the prior convictions on relevancy ground for plain error. *Id.* We have held that a prior conviction in the name of the defendant may be sufficient prima facie proof of identity. *Pasterchik v. United States,* 400 F.2d 696, 701–02 (9th Cir.1968). It follows that the prior convictions were relevant and it was not plain error for the district court to admit the certified copies of the prior convictions.

■ (2) Boyd next argues that the district court erred in not granting his motion for acquittal under Fed R. Crim P. 29. He contends that the copies of the prior convictions were insufficient to show that he was the same William Boyd convicted of the prior felony offenses. Boyd's argument is not frivolous,[2] but we are bound by our precedent which holds that, in the absence of contrary evidence, when the name on a prior conviction is identical to the name of the defendant, that is sufficient for a finding that the person named on the prior conviction is in fact the defendant. *Pasterchik,* 400 F.2d at 701–02. When reviewing the denial of a motion for acquittal, we consider whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *United States v. Garza,* 980 F.2d 546, 552 (9th Cir.1992). Here, as the prior convictions were properly admitted, and Boyd offered no contradictory evidence, under existing circuit law the jury could have found beyond a reasonable doubt that the prior convictions were of the defendant. *Pasterchik,* 400 F.2d at 701–02.

■ (3) Boyd also argues that four comments by the prosecutor during closing argument violated his Fifth Amendment privilege against self-incrimination by drawing the jury's attention to his failure to testify. The Supreme Court has held that the Fifth Amendment forbids prosecutorial comment on a defendant's decision not to testify. *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We review *Griffin* claims de novo. *United States v. Mayans,* 17 F.3d 1174, 1185 (9th Cir.1994). A prosecutorial statement "is impermissible if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *Id.* (quoting *Lincoln v. Sunn,* 807 F.2d 805, 809 (9th Cir. 1987)).

We have distinguished between a comment on the defense's failure to present exculpatory evidence and a comment on the defendant's decision not to testify. *United States v. Tam,* 240 F.3d 797, 805 (9th Cir.2001) (noting that where the prosecutor refers to "defendant's arguments," but obviously is addressing the arguments made by the defense counsel, there is no *Griffin* violation); *United States v. Mende,* 43 F.3d 1298, 1301 (9th Cir.1995) (noting that a "comment on the failure of the defense as opposed to the defendant to counter or explain the testimony presented or evidence introduced is not an infringement of the defendant's Fifth Amendment privilege"); *United States v. Lopez–Alvarez,* 970 F.2d 583, 595–96 (9th Cir.1992) (allowing a prosecutor to comment on the defendant's failure to present exculpatory evidence, as long as it is not phrased to

---

**2.** Boyd points out that other circuits have found that the name on a prior conviction is insufficient to establish that a defendant is the individual convicted, citing *United States v.*

*Jackson,* 368 F.3d 59 (2d Cir.2004), *United States v. Weiler,* 385 F.2d 63 (3rd Cir.1967), and *Gravatt v. United States,* 260 F.2d 498 (10th Cir.1958).

call attention to the defendant's decision not to testify).

Here, the prosecutor's four comments did not directly address Boyd's decision not to testify. Rather, the prosecutor observed that the defense had not offered contradictory evidence to rebut the government's arguments. Defense counsel's objection to comment number one was sustained, so the jury could draw no inferences from that comment. The prosecutor's second and third comments were invited responses to the defense counsel's claim that the ammunition found in Boyd's possession could have been counterfeited. *See United States v. Lopez*, 803 F.2d 969, 972 (9th Cir.1986) (holding that where the defendant opens the door to an argument, there is no violation of the privilege). The final comment[3] was also not a direct comment on Boyd's decision not to testify. The record does not show that the comments, either separately or collectively, were "manifestly intended to call attention to the defendant's failure to testify, or [are] of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *Mayans*, 17 F.3d at 1185.

Defendant's conviction is **AFFIRMED**.

---

**3.** The prosecutor commented: "But if this was not William Boyd, III, that defendant right here, I submit to you there would be plenty of evidence of that."

