**Joanne CORNWELL, dba Sisterlocks, Plaintiff–Appellant,**

v.

**Debra BELTON, as an individual; Nappylocs.com, as a business entity, form unknown, Defendants–Appellees.**

Joanne Cornwell, dba Sisterlocks,
Plaintiff–Appellee,

v.

Debra Belton, as an individual; Nappy-
locs.com, as a business entity, form un-
known, Defendants–Appellants.

Nos. 05–56457, 05–56461.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed July 25, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregory M. Garrison, Esq., Garrison & McInnis LLP, San Diego, CA, for Plaintiff–Appellant.

Debra Belton, Chesterfield, MO, pro se.

Nappylocs.com, Chesterfield, MO, pro se.

Before: TROTT, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Joanne Cornwell (Cornwell) appeals the district court's denial of attorney's fees pursuant to Cal.Code Civ. P. § 425.16 and the denial of her claims against Debra Belton (Belton) for unfair competition, violation of trade secrets, and interference with economic advantage. Belton cross-appeals, asserting error in the district court's finding of liability on two counts of copyright infringement and requesting that we find Cornwell "guilty" of perjury and malicious prosecution.[1]

**1.** Because the district court granted Cornwell's motion to strike, it erred in denying Cornwell attorney's fees associated with the motion. Under the plain language of § 425.16(c), such an award is

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**1.** We decline Cornwell's request that we reject Belton's cross-appeal due to deficiencies

---

mandatory. *See Vergos v. McNeal,* 146 Cal.App.4th 1387, 1404, 53 Cal.Rptr.3d 647 (2007) ("[A] defendant who prevails on a section 425.16 motion is entitled to an award of attorney's fees ... for the appeal.") (citation omitted). The narrow exception outlined in *Moran v. Endres,* 135 Cal.App.4th 952, 37 Cal.Rptr.3d 786 (Ct. App.2006), *as modified,* does not apply; further Cornwell's motion was timely under § 425.16(f).

**2.** Any error in failing to find Belton liable for unfair competition was harmless. Cornwell concedes that prevailing on the copyright violations afforded the relief she would obtain for an additional finding of unfair competition based on the same violations. *See Golden West Brewing Co. v. Milonas & Sons, Inc.,* 104 F.2d 880, 882 (9th Cir.1939).

**3.** The district court did not clearly err in denying Cornwell's claim for violations of trade secrets due to Cornwell's failure to make reasonable efforts to maintain the secrecy of her process. *See* Cal. Civ.Code § 3426.1(d)(2).

**4.** The United States Supreme Court has long upheld the right of persons to influence the passage and *enforcement* of laws even when the sole purpose is to destroy competitors. *See Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 138–39, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961) (holding that there was no violation of the Sherman Act by such conduct so motivated). Thus, the district court did not err in denying Cornwell's claim for interference with economic advantage, and finding Belton's report of

---

in Belton's brief. *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir.2006) ("[P]ro se pleadings ... must be liberally construed.") (citation omitted).

Cornwell to government licensing agencies was privileged.

5. Belton asks us to "convict Cornwell of perjury" and "find [Cornwell] guilty of malicious prosecution." However, these contentions were not raised in the district court and, "[c]ourts of appeal are not trial courts." *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 509 (9th Cir.2007) (en banc), *as amended* (citations omitted). In addition, an appropriate mechanism exists for seeking relief from the judgment where perjury can be shown. *See* Fed. Rule Civ. Pro. 60(b)(3) (providing for relief from judgment in cases of fraud and misrepresentation).

6. The district court's limited finding that Belton engaged in copyright infringement was not clearly erroneous. *See Dr. Seuss Enter. v. Penguin Books USA, Inc.,* 109 F.3d 1394, 1399 (9th Cir.1997). Nor did the district court clearly err in declining to apply the doctrine of unclean hands to void Cornwell's copyright. *See Lentini v. California Center for the Arts,* 370 F.3d 837, 843 (9th Cir.2004).

7. To the extent Belton asks that we void Cornwell's copyright, aside from raising the doctrine of unclean hands as an affirmative defense, this issue was not before the district court and is thus not properly before us. *See Rui One Corp. v. City of Berkeley,* 371 F.3d 1137, 1152 (9th Cir.2004). In any event, because we find that the district court did not clearly err in declining to apply the doctrine of unclean hands, there exists no basis for invalidating the copyright.

The district court's denial of attorney's fees associated with Cornwell's successful § 425.16 motion is **REVERSED** and the case is **REMANDED** for a calculation of

2. Cornwell is free to file a request for fees within the time provided in Ninth Cir. R. 39–1.6 for the SLAPP portion of her appeal in

appropriate fees relating to that motion.[2] The remainder of the district court's order is **AFFIRMED.**

Each party shall bear her costs on appeal.

accordance with *Vergos,* 146 Cal.App.4th at 1404, 53 Cal.Rptr.3d 647.