IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-40481
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIANNA MILLER; JASON CORY FREGIA

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-173-1
USDC No. 1:07-CR-173-2

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marianna Miller and Jason Cory Fregia appeal their convictions for making false statements to the United States in violation of 18 U.S.C. § 1001(a)(2). Miller was found guilty of making three false statements on documents executed in conjunction with her application for a disaster relief loan from the Small Business Administration. Fregia, Miller's husband, was found guilty for jointly making one of the false statements with Miller. All three false

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statements were claims to ownership of a piece of real estate known as Block 51 that Miller had attempted to obtain by filing a quitclaim deed transferring ownership in Block 51 from a seller listed as unknown to Miller. Miller and Fregia argue that the evidence at trial was insufficient to support their convictions.

Because the defendants unsuccessfully moved for a judgment of acquittal at the close of the Government's case and at the close of the evidence, the standard of review in assessing their sufficiency challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The elements that must be proven to establish the offense of making a false statement to the federal government under § 1001(a)(2) are that: (1) the defendant made a statement; (2) the statement was false; (3) the statement was material; (4) the defendant had specific intent to make the false statement; and (5) the statement was made within the jurisdiction of a federal agency. United States v. Leal, 30 F.3d 577, 584 (5th Cir. 1994).

For the first time on appeal, Miller and Fregia assert that their claims of ownership of Block 51 were not statements under § 1001(a)(2) because they were expressions of legal opinions or conclusions. Relying on decades old precedent from other jurisdictions in perjury cases, they argue that for a statement to be considered a statement under § 1001(a)(2), the statement must be a statement of material fact, not a statement that is a legal opinion or conclusion.

While Miller and Fregia moved for judgments of acquittal, they did not raise this theory in their motions. Because Miller and Fregia did not raise this theory below, we review only to determine whether the record is devoid of evidence of guilt. See United States v. Herrera, 313 F.3d 882, 884-85 (5th Cir. 2002).

In the context of a similar statute, the Supreme Court has characterized a statement as a factual assertion that can be proven true or false. Williams v. United States, 458 U.S. 279, 284 (1982). Miller's and Fregia's claims of ownership of Block 51 were factual assertions that could be proven true or false, and, therefore, were statements. See id.; cf. United States v. Weiler, 385 F.2d 63, 65-66 (3d Cir. 1967). Accordingly, Miller and Fregia have not shown that the record was devoid of evidence of guilt regarding this element. See Herrera, 313 F.3d at 884-85.

Miller and Fregia next argue that their false statements claiming ownership of Block 51 were not material. They maintain that the statements were not material because the SBA would not have considered rejecting the loan application if it knew that Miller and Fregia did not own Block 51. They assert that this was shown by testimony that a title search on Block 51 would have been conducted if there was any doubt to ownership and the amount of the loan was larger. They argue that the ownership of Block 51 was a trivial matter to the SBA because of the small amount of the loan, the minimal value of Block 51, and the existence of other collateral for the loan. They further maintain that the ownership of Block 51 was not material because the SBA did not declare a default of the loan although it had the power to do so if they made a materially false or misleading representation to the SBA.

A false statement regarding ownership of collateral available to secure a loan is capable of influencing the decision of whether to make a loan. While the value of Block 51 was relatively small and other apparently more valuable collateral also secured the loan, the SBA required Miller and Fregia to execute a deed of trust for Block 51 to the SBA. Construing the evidence and inferences therefrom in the manner most favorable to the Government as the prevailing party, the evidence was sufficient to show that the claims of ownership of Block 51 were capable of influencing the decision of the SBA to make the loan. See United States v. Moser, 123 F.3d 813, 819 (5th Cir. 1997). As the statements

were capable of influencing the decision of the SBA, they were material. See United States v. Gaudin, 515 U.S. 506, 509 (1995).

Finally, Miller and Fregia argue that the evidence that they knowingly made false statements was insufficient to support their convictions. They assert that the evidence showed that they thought they owned Block 51 when they made the statements to the SBA. Id. They maintain that the evidence was insufficient to show that they knew that they did not own Block 51 based upon what they assert was uncontroverted evidence of five facts: (1) that the tax records showed the owner of Block 51 as unknown and that taxes had not been paid on it for 20 years; (2) that Helen Tantillo, a clerk at the local property appraisal district office, told Miller she could acquire Block 51 by filing a quitclaim deed and paying five years of back taxes; (3) that Tantillo created a tax account for Block 51 in Miller's name after she filed the quitclaim deed; (4) that Miller's tax receipts listed her as the owner of Block 51; and (5) that an SBA employee named David Ramsey told Miller that Block 51 belonged to her if she was paying back taxes on it.

To sustain a conviction under § 1001(a)(2), the Government must prove that the false statement was made knowingly and willfully. § 1001(a). The Government meets this burden if it proves that the defendant made the false statement with the intent to deceive or mislead. United States v. Shah, 44 F.3d 285, 289 (5th Cir. 1995).

There was testimony presented at trial that Fregia had discussed purchasing or leasing Block 51 from John Hunter Carpenter, the manager of the family corporation and land trust that owned Block 51, prior to Miller's attempt to obtain Block 51 with a quitclaim deed. Prior to Miller and Fregia making the false statements, Fregia attempted to conduct logging operations on Block 51 that were halted when Carpenter brought a law enforcement officer to the site of the logging operations. Tantillo, contrary to Miller's testimony, testified that she did not tell Miller how she could acquire ownership rights in any property.

A supervisor at the property appraisal district office testified that he told Miller that she could not file quitclaim deeds transferring property from an unknown seller to herself and rejected her attempt to acquire a second property in this manner. While Miller testified that an SBA employee told her that she owned Block 51, the sole evidence of this was Miller's uncorroborated testimony. Additionally, all of the false statements included assertions that Miller held clear title to Block 51, and the evidence was more than sufficient to show that Miller and Fregia at least knew that the title to Block 51 was disputed.

While the evidence showing Miller's and Fregia's knowledge of their lack of ownership of Block 51 was partially circumstantial and inferential, knowledge can be shown by such evidence. See United States v. Ismoila, 100 F.3d 380, 387 (5th Cir. 1996). The jury's determination on this issue was based upon a reasonable construction of the evidence, and we do not reweigh the evidence on appeal. See United States v. Delagarza-Villarreal, 141 F.3d 133, 139 (5th Cir. 1997). Miller and Fregia have not shown that the evidence was insufficient to support their convictions.

AFFIRMED.