**UNITED STATES of America,**
**Appellee,**

**v.**

**Vernon Percy HOWARD, a/k/a**
**Peewee, Appellant.**

**No. 71-1728.**

United States Court of Appeals,
Ninth Circuit.

Sept. 29, 1971.

Irwin Ravin, Anchorage, Alaska, for appellant.

G. Kent Edwards, U. S. Atty., A. Lee Petersen, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

This court reversed the conviction of Vernon Percy Howard on a charge of selling heroin, in violation of 21 U.S.C. § 174, United States v. Howard, 432 F.2d 1188. At his second trial on the same

charge, Howard was again convicted and takes this appeal. His sole contention on this appeal is that the district court erred in refusing his demand for production of a case report then in the possession of the Government. Defendant contends that production of the report is required by the "Jencks Act," 18 U.S.C. § 3500.

Howard made his demand for production of the case report while the Government witness, Donald T. Watson, was under cross-examination. Watson, who is a Special Agent, United States Treasury Department, testified to the details of the heroin sale for which Howard stands convicted. He testified that he made notes of the details of the sale but that they were destroyed in the process of "normal housecleaning" after the first trial.

Prior to their destruction, however, Joseph C. Ernst, Customs Agent in Charge, Anchorage, Alaska, used the notes in preparing a "testimony sheet" detailing the facts to which Watson would testify. Ernst then incorporated this testimony sheet into the case report which he prepared for use at the trial. The Government provided Howard with a copy of the testimony sheet which Watson reviewed prior to the trial, but declined to supply a copy of the entire case report which Watson had also reviewed prior to the trial.

The trial court correctly denied Howard's demand, based on the "Jencks Act," for production of the entire case report. The part of the case report, exclusive of Watson's testimony sheet which was given to Howard, was not Watson's "statement," as that term is defined in 18 U.S.C. § 3500(e). Under that statute production is limited to statements which can properly be called the witness' own words. Campbell v. United States, 365 U.S. 85, 92, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); Palermo v. United States, 360 U.S. 343, 352, 79 S. Ct. 1217, 3 L.Ed.2d 1287 (1959).

Assuming that the case report was a "Jencks Act statement" by Joseph C. Ernst, no demand for its production was made when Ernst testified. When Ernst was called as a witness for the Government, the parties stipulated that Ernst's testimony would be the same as Watson's. Ernst was thereupon excused as a witness.

Affirmed.