**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth M. CRUMPLER,**
**Defendant-Appellant.**

No. 75–3668

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1976.

Rehearing Denied Aug. 30, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Thomas G. Sharpe, Jr., Brownsville, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Michael J. Brown, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Kenneth M. Crumpler appeals from his conviction on counts of illegal possession of unregistered and improperly identified firearms, see 26 U.S.C. §§ 5861(d)(i), 5871, and unlawful storing of explosive materials in violation of 18 U.S.C. § 842(j). He received three-year sentences for each of the firearms counts and a one-year sentence on the explosives count, to run concurrently, and a total of nine thousand dollars in fines.

Finding no merit in his four alleged grounds of error, we affirm.

Crumpler urges that because the search of his business premises found the same items as a prior search held unlawful by this court and was conducted pursuant to a warrant alleging some of the facts that had led to the prior search, his motion to suppress should have been granted. However, the district court held that, after improper matter was excised from the second affidavit, it still contained sufficient credible information to supply probable cause to search. This procedure is clearly permissible. *See United States v. Hunt,* 496 F.2d 888, 894 (5th Cir. 1974). We have examined the language of the affidavit and the reasoning of the district court expressed in its memorandum opinion and order of July 17, 1975, and we agree that it was proper to deny the motion to suppress.

Crumpler's second point is that the substitution of expert testimony concerning the destructive character of the explosive devices for introduction of the seized components themselves offended due process standards by conveying a false impression to the jury that the materials taken from Crumpler in themselves were explosives. However, Crumpler's counsel brought out on cross-examination that the explosions caused in pretrial tests by using the seized items required the application of electric power and that the witness could not testify that the components *had* been hooked together to cause the explosions, only that they *could* be. Since the components meet the statutory standards for classification as a firearm, 26 U.S.C. § 5845(a)(8) & (f)(1–3), and any misleading inferences the jury could have drawn from the Government's evidence alone were sufficiently clarified on cross-examination, we find no violation of due process in these circumstances.

Crumpler's third assertion is that the failure to order production of Agent Mozey's case report violated the Jencks Act, 18 U.S.C. § 3500. The record reflects that the district court examined the report *in camera* and concluded that its production

was not required because it merely summarized the accounts to be given by other witnesses. We agree. The Jencks Act requires the production of "statements," which have been "signed or otherwise adopted or approved by [the witness.]" 18 U.S.C. § 3500(e)(1). As to the summarized testimony of other witnesses, Mozey's report was not a producible statement. *See United States v. Howard*, 450 F.2d 792 (9th Cir. 1971); *cf. United States v. Blackburn*, 446 F.2d 1089 (5th Cir. 1971), *cert. denied*, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972). Moreover, neither the portions of the case report pertaining to other witnesses nor those pertaining to his own testimony would have furnished anything to the defense that was not supplied before the cross-examination of the individual witnesses, including Mozey himself. In these circumstances, there was no error in failing to require production of the summary case report.

■ Crumpler's fourth and final argument is that he came into possession of the materials legally while on active duty as a member of the National Guard. This argument was rejected by the trier of fact after receiving testimony from a National Guard officer that removal of ordnance materials from Guard posts was not authorized. We decline to disturb this finding or the legal conclusion based thereon.

The convictions are

AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.