**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael PARDEE, Defendant–
Appellant.**

No. 06–30374.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 13, 2007.

Pamela Jackson Byerly, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM *

Defendant Michael Pardee appeals the two-year sentence he received upon the revocation of his supervised release. We affirm.

■ Pardee challenges the district court's consideration of two letters from his treatment counselors without allowing him to cross-examine these counselors. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure provide defendants with a limited right to confront adverse witnesses prior to revocation of supervised release. The district court's use of the letters, however, was harmless as to the revocation decision because Pardee admitted violating his supervised release conditions.

■ Hearsay may be used in sentencing as long as it is "accompanied by some minimal indicia of reliability." *United States v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.2006) (quoting *United States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001)) (internal quotation mark omitted). Pardee concedes that the two letters met this standard. The district court therefore properly considered the letters as part of its decision to give Pardee a two-year sentence for his violation of the supervised release conditions. *See id.* at 1200 ("[N]either *Morrissey* nor the Federal Rules of Criminal Procedure say anything about . . . the right to examine adverse witnesses at sentencing. A court is presented with quite a different set of circumstances when it has to decide *whether* someone is guilty and must go to prison than when it is deciding *how long* a convicted criminal must serve."); *United States v. Carper,* 24

F.3d 1157, 1159–60 (9th Cir.1994) (holding that Rule 32.1 "governs the decision of whether or not to revoke supervised release" and "does not address sentencing" upon revocation).

■ Pardee also argues that the district court violated the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure by denying his access to notes that therapist Brian Stanfill referenced during his testimony at the revocation hearing. Stanfill testified that these notes recorded Pardee's statement during a May 30 group therapy session, and that Pardee's statement indicated that he had committed a further violation of his supervised released conditions.

Under the Jencks Act, "production is limited to statements which can properly be called the *witness'* own words." *United States v. Howard,* 450 F.2d 792, 793 (9th Cir.1971) (per curiam) (emphasis added); *see also* FED.R.CRIM.P. 26.2(f) (defining a "statement" in terms of one "that the witness makes"). But the record does not indicate that the notes contained pertinent statements made by Stanfill. The district court therefore had no reason to believe that the notes were covered by the Jencks Act or Rule 26.2. The district court could summarily deny Pardee's request to examine Stanfill's notes because a district court need only investigate a Jencks Act request when "the notes *may* have constituted a Jencks Act statement." *United States v. Johnson,* 521 F.2d 1318, 1320 (9th Cir. 1975) (emphasis added).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.