Lester Alvin BUATTE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18685.

United States Court of Appeals
Ninth Circuit.

May 18, 1964.

Thelton D. Beck, Phoenix, Ariz., for appellant.

C. A. Muecke, U. S. Atty., Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before POPE, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Following our decision in this case the appellee filed a petition for rehearing asserting among other things that the court should, if it reversed the judgment, remand the case for a new trial. The appellee undertook in its petition to indicate the additional evidence which it might produce upon a new trial and which it asserted would be adequate to support a conviction of the appellant.

This court has duly noted the appellee's claim in respect to this matter and after considering it in the light of the facts of the case as disclosed in the court's opinion it is of the view that a new trial would serve no purpose and that neither the types of evidence listed in the appellee's petition nor any other conceivable evidence would suffice to satisfy the requirements set forth in Davis v. United States, 165 U.S. 373, 17 S.Ct. 360, 41 L. Ed. 750. Since we take this view of the petition, and deny it upon that ground, it is unnecessary for us to consider the further question whether in the circumstances of this case, since this court has held that judgment of acquittal for lack of evidence should have been entered and has reversed the judgment on that ground, the granting of a new trial would violate the command of the Fifth Amendment relating to double jeopardy. See the concurring opinion in Sapir v. United States, 348 U.S. 373, 75 S.Ct. 422, 99 L. Ed. 426, as commented upon in Forman v. United States, 361 U.S. 416, at page 426, 80 S.Ct. 481, 4 L.Ed.2d 412, and see "Double Jeopardy: A New Trial After Appellate Reversal for Insufficient Evidence," 31 University of Chicago Law Review 365.

The petition for rehearing is denied.