
UNITED STATES of America,
Plaintiff-Appellee,

v.

William Tony JULIAN, Defendant-
Appellant.

No. 26604.

United States Court of Appeals,
Ninth Circuit.

April 15, 1971.

Mary Anne Peters (argued), Tucson, Ariz., for defendant-appellant.

Stanley L. Patchell, (argued) Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Julian was convicted of violating 18 U.S.C. § 2312, transportation of a stolen vehicle in interstate commerce, knowing it to have been stolen. On appeal, he argues that the evidence was insufficient to support a jury verdict and that, after evidence of his insanity had been offered, the government failed to prove the fact of his sanity beyond a reasonable doubt.

We affirm.

Julian left Memphis, Tennessee, about April 21, 1970, in a 1969 Chevrolet automobile on a trip to California. He and a hitchhiker, Richard White, arrived in Dallas, Texas, on Sunday morning, April 26, and stopped at a motel.

White went to sleep and when he woke in the afternoon, Julian was gone. Shortly he returned with a 1970 Dodge automobile. In response to a query from White, Julian assured him that the vehicle was not stolen. They left Dallas that night and were stopped by an Arizona highway patrolman the next day for speeding.

Having no registration certificate, Julian said the car belonged to his mother and gave the false name of Hahn. When it was determined that the car had been stolen, Julian was arrested, warned of his constitutional rights, and stated that an unidentified homosexual man had given him the Dodge car to drive to Tucson, where it would be delivered to the owner.

The true owner of the Dodge car last saw it in Dallas on Saturday, April 25, in his dealer's storage lot. It bore no license plates. When Julian drove it into Arizona and was stopped, it had Tennessee plates. From his possession of a recently stolen vehicle, the jury could

**780**

reasonably infer that Julian knew the car was stolen, McAbee v. United States, 434 F.2d 361 (9th Cir. 1970), in the absence of a satisfactory explanation. Here there was none, and the evidence was sufficient beyond a reasonable doubt to support a verdict of guilty.

On the insanity issue, appellant offered some evidence of pre-existing mental illness. His psychiatric expert expressed the opinion that Julian was suffering from a mental illness at the time of the alleged offense, that he would not have known the significance and consequences of his act nor be able to tell whether they were right or wrong, but that he was presently greatly improved.

A psychiatric expert for the government gave the results of his examination of Julian and concluded that the appellant had no mental disease nor defect, but rather a sociopathic personality.

Julian asserts that his psychiatrist was the more experienced and the better expert, and that the government failed to produce convincing psychiatric testimony.

It is not the function of this court to judge expert psychiatric testimony quantitatively. The jury must evaluate the expert's credibility and weigh his testimony. Nagell v. United States, 392 F.2d 934, 937 (5th Cir. 1968).

After weighing the expert's credibility and the facts upon which he based his diagnosis, the jury may disregard his testimony if other evidence is more persuasive. United States v. Ingman, 426 F.2d 973, 976–977 (9th Cir. 1970).

There was a doubt here that Julian even had a mental disease or defect. There was evidence that his behavior could have resulted from either a neurotic character disorder or from a sociopathic personality. Testimony of his parents was consistent with either diagnosis. On these facts reasonable men would not necessarily have a reasonable doubt as to his sanity. Blake v. United States, 407 F.2d 908, 912–913 (5th Cir. 1969).

The diagnosis of appellant's psychiatric expert was based on subjective sources, the statements of Julian and his parents. The government's expert based his diagnosis on objective testing. The jury could reasonably have found that the defense expert based his opinion on erroneous facts. United States v. Ingman, *supra*.

Affirmed.