UNITED STATES of America, Plaintiff-Appellee,

v.

Douglas Allen SCHMIDT, Defendant-Appellant.

No. 77–2535.

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1977.

As Amended Jan. 13, 1978.

Jo Ann D. Diamos, Tucson, Ariz., for defendant-appellant.

Eugene R. Bracamonte, Asst. U. S. Atty., for plaintiff-appellee.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

Douglas Allen Schmidt was convicted by jury verdict of mailing a letter addressed to President Ford which contained a threat to take the life of the President of the United States in violation of 18 U.S.C. § 871. At trial, Schmidt raised the defense of insanity. Defendant's motion for acquittal and for a new trial were denied. For the reasons which follow, we affirm.

The only real issue at trial was Schmidt's sanity. After mailing the threatening letter, Schmidt went to the FBI office in Tucson, Arizona to inform the FBI that he had sent such a letter and to turn himself in. He was then taken to the Secret Service Office, where he restated his story and explained that he had mailed the letter because "he wanted to get off the street" by being sent to federal prison. He told the Secret Service agent who interviewed him that he did not intend to kill the President, but that he knew that he had to be locked up because he had broken the law. When asked what he would do if he were not put in prison, Schmidt indicated that he would find some way to get locked up.

On appeal, Schmidt makes two contentions of error: first, that the trial court erred in denying his motion for a new trial based on the reference by a prosecution witness to Schmidt's previous incarceration; and second, that the lower court erred in failing to grant the motion for judgment of acquittal based on the Government's failure to prove his sanity.

■ On three occasions, prosecution witnesses referred to Schmidt as having been in prison. First, agent David Harrington of the Secret Service testified that Schmidt had said that he had gotten the idea to mail the threatening letter "from an old man he had done time with in the joint in Missouri." As to this statement, Schmidt made a motion for mistrial but then withdrew it, and the court admonished the jury to ignore the reference and not to consider it in their deliberations. Later, Dr. Hubert Estes, the psychiatrist called by the Government as a rebuttal witness to Schmidt's psychiatric evidence, twice mentioned on cross-examination that Schmidt had been in prison. Schmidt again moved for a new trial. After a hearing subsequent to trial, Judge Richey denied the motion. We affirm this denial.

Dr. Estes' first reference to Schmidt's prior time in prison was not unresponsive to the question asked by defense counsel, nor was it irrelevant to the diagnosis about which the doctor was testifying. After establishing that Dr. Estes believed that the defendant felt that there was a system working against him, defense counsel asked if defendant had not been driven off the streets to get away from that system. Dr. Estes responded, "Well, it wouldn't get him away from the system because he had these similar experiences in prison too." (R.T. 132–133). Counsel then took Dr. Estes back over the same terrain, eliciting substantially the same response. The references by

Dr. Estes to the defendant's prison experiences, in addition to being responsive to the questions put by defense counsel, are highly relevant to the process by which the doctor made his diagnosis. After opening the door by questioning Dr. Estes about the possibility that the defendant sought to go to prison to escape the pressures of the outside world, the defense cannot complain when Dr. Estes responded by giving the reason he felt such a possibility was lessened. The trial judge did not abuse her discretion in denying the defendant's motion to declare a mistrial.

■ We now turn to appellant's second contention. If the defense offers evidence of insanity sufficient to overcome the presumption of sanity, the burden of proof is then cast upon the Government to prove sanity beyond a reasonable doubt. *United States v. Monroe,* 552 F.2d 860, 863 (9th Cir. 1977); *United States v. Cooper,* 465 F.2d 451, 453 (9th Cir. 1972). Schmidt introduced the testimony of a psychiatrist, Dr. Hoogerbeets, who stated that he diagnosed Schmidt as suffering from schizophrenia of the chronically recurrent paranoid type. In the opinion of Dr. Hoogerbeets, as a result of appellant's mental illness Schmidt believed that he was morally justified in mailing the threatening letter, and that he could not conform his conduct to the requirements of the law. Thus Schmidt raised the issue of insanity and placed upon the Government the burden of proving sanity beyond a reasonable doubt. *Wade v. United States,* 426 F.2d 64 (9th Cir. 1970) (en banc).

■ In support of its case, the Government introduced the testimony of Dr. Estes. Estes did state that Schmidt was mentally ill at the time of the offense, and that Schmidt felt he was morally justified in committing the offense. However Dr. Estes was quite explicit in testifying that appellant did not lack substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, and that Schmidt's belief that his action was morally justified was not the result of any mental disease or defect. The psychiatric testimony presented by both sides was in conflict. The jury could properly weigh the evidence before it and resolve that conflict. In reviewing their determination, we must view the evidence in the light most favorable to the Government. *United States v. Ortiz,* 488 F.2d 175, 178 (9th Cir. 1973). This standard of review extends to the issue of sanity and the credibility of the experts, which are to be determined by the jury and not by the court. *United States v. Handy,* 454 F.2d 885, 888 (9th Cir. 1971), *cert. denied,* 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86 (1972).

■ We hold that the motion for acquittal was properly denied because reasonable men would not necessarily retain a reasonable doubt about defendant's sanity at the time of the crime. *United States v. Shackelford,* 494 F.2d 67, 75 (9th Cir.), *cert. denied,* 417 U.S. 934, 94 S.Ct. 2647, 41 L.Ed.2d 237 (1974); *United States v. Julian,* 440 F.2d 779, 780 (9th Cir. 1971).

The judgment is AFFIRMED.