UNITED STATES of America, Appellee,

v.

Thomas William SULLIVAN, Appellant.

No. 78–2256.

United States Court of Appeals,
Ninth Circuit.

April 11, 1979.

Michael L. Stern, Los Angeles, Cal., for appellant.

Deanne H. Smith, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

8

Before KILKENNY and ANDERSON, Circuit Judges, and SOLOMON,* District Judge.

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted in a jury trial on six counts of knowingly furnishing false information in connection with the purchase of firearms in violation of 18 U.S.C. § 922(a)(6). His only defense was insanity.

On appellant's first appeal, *United States v. Sullivan,* 544 F.2d 1052 (CA9 1976), we reversed on the ground that the court committed error in refusing to give the jury a proper definition of the word "wrongfulness" as applied to appellant's claim of insanity. On the retrial, the court rectified this error and correctly instructed the jury. The appellant's sole contention is that the government did not meet its burden on the issue of insanity. We affirm.

▉ On appeal it is our duty to determine whether the evidence considered most favorably to the government was such as to permit a rational conclusion by the jury that the accused was sane beyond a reasonable doubt. *United States v. Monroe,* 552 F.2d 860, 864 (CA9 1977). This standard of review extends to the issues of sanity and the credibility of the experts. These issues are to be determined by the jury and not by the court. *United States v. Schmidt,* 572 F.2d 206, 208 (CA9 1978).

In *United States v. McGraw,* 515 F.2d 758, 760 (CA9 1975), we held that "Once [a] defendant has introduced sufficient expert testimony to support a reasonable doubt as to sanity, the government must: (1) introduce its own expert testimony in rebuttal; or (2) discredit the defendant's expert testimony on cross-examination; or (3) rely upon evidence from which the jury may infer that the defendant's expert testimony depends upon an incorrect view of the facts. Otherwise, the evidence of sanity is insufficient to support a conviction."

▉ Our analysis of the record convinces us that the testimony of appellant's expert, Doctor Hacker, was adequately discredited. For example, the doctor grounded his opinion that appellant was insane on an assumption that appellant suffered from manic depressive psychosis for a period of thirty years. When faced with the hospital and employment records, which gave no indication of such a malady, the doctor substantially modified his testimony by saying that appellant could have "periods of months or even years where the behavior is fairly normal or compatible." Upon further examination, he said it was scientifically unpredictable whether someone who had had a manic depressive attack five years ago and then had one five years later could have been well in the meantime, or whether the latter attack was a renewal of the same illness. On examination by the court, the doctor conceded that this type of illness was not constant, but episodic. This testimony applied to the time when the crimes of which appellant was convicted were committed.

The above, together with other evidence, such as the appellant's substantially normal conduct from May to November, 1974, as testified to by appellant's treating psychiatrist, Dr. Lofgren, satisfies the first and third alternatives mentioned in *McGraw.*

▉ In the light of the foregoing, we need not pass on the question of whether the government's expert used the wrong standard in testifying on the issue of sanity. There is no contention that the court did not correctly instruct the jury on the proper standard to be applied to evidence on sanity. We must assume, of course, that the jury followed the court's instruction on the standard to be applied. *United States v. Brady,* 579 F.2d 1121, 1127 (CA9 1978); *United States v. Price,* 577 F.2d 1356, 1366 (CA9 1978); *Vitello v. United States,* 425 F.2d 416, 422 (CA9 1970), *cert. denied* 400 U.S. 822, 91 S.Ct. 43, 27 L.Ed.2d 50. For that matter, our whole jury system is based

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

upon the recognized ability of the jury to follow the court's instructions. *Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

## CONCLUSION

The judgment of conviction must be affirmed.

IT IS SO ORDERED.