**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stephen William BILSON,
Defendant-Appellant.**

No. 80–1687.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1981.

Decided June 22, 1981.

Robert M. Holley, Asst. Federal Public Defender, Sacramento, Cal., for defendant-appellant.

Tommy Hawk, Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before GOODWIN and POOLE, Circuit Judges, and WYATT,* District Judge.

* Honorable Inzer B. Wyatt, Senior United States District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

Appellant, Stephen William Bilson, was convicted after jury trial of attempted aircraft piracy, a violation of 49 U.S.C. § 1472(i), and use of a firearm in the commission of a federal felony, a violation of 18 U.S.C. § 924(c)(1). He seized a commercial aircraft in Stockton, California and sought to have it flown to Iran. His defense was insanity. We affirm.

Appellant claims that the district court erred when it permitted a psychiatrist called by the Government to testify that appellant was legally sane within the meaning of *Wade v. United States*, 426 F.2d 64 (9th Cir. 1970) (en banc). The doctor's testimony was based in part on the results of psychological tests which, appellant asks us to conclude, may be evaluated only by a professional psychologist. Thus the appellant proposes that this circuit hold that a psychiatrist as a matter of law is not qualified under the Federal Rules of Evidence to testify as to a defendant's sanity when his opinion may be based in part on his evaluations of the results of psychological tests. We consider this argument remarkably unpersuasive.

■ Rule 702 vests the district court with discretion to permit testimony from persons possessing specialized knowledge which may aid lay people—the jury—in finding the facts in dispute. It is conceded that the government's witness was professionally qualified as a psychiatrist and possessed specialized knowledge not common to the ordinary person. That the doctor was not a licensed psychologist was a matter going to the weight of his testimony insofar as it involved evaluating the psychological tests. Appellant's counsel was given ample opportunity on cross-examination to bring this to the jury's attention. The absence of a specialty degree in psychology did not disqualify the psychiatrist from expressing an opinion and the district court did not commit "manifest error" in admitting the testimony. *See United States v. Tsinnijinnie*, 601 F.2d 1035, 1040 (9th Cir. 1979).

■ Appellant also contends that the weight of the evidence was such that a reasonable juror could not conclude beyond a reasonable doubt that appellant was legally sane within the meaning of *Wade*. *See United States v. Sullivan*, 595 F.2d 7, 8 (9th Cir. 1979) (stating standard of review). On the contrary, the record indicates that the Government effectively cross-examined defense witnesses who testified that appellant was legally insane. Additionally, the Government offered evidence pointing to appellant's sanity which the jury might have found probative and sufficient, if believed, to rebut appellant's prima facie case of insanity. *See United States v. McGraw*, 515 F.2d 758, 760 (9th Cir. 1975). Selection from among the competing factual inferences arising from the proffered evidence of sanity was for the jury. It resolved those inferences and found appellant sane and we are not free to disturb that conclusion. *See United States v. Sullivan, supra.*

AFFIRMED.