947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kauko Al AHO, II, Defendant-Appellant.
 No. 90-50190.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Oct. 25, 1991.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kauko al Aho, II appeals his conviction for bank robbery. Aho admitted robbing the bank and attempted to present an affirmative defense of insanity. Aho called a psychiatrist to support his defense, but the trial judge prevented the witness from testifying, interpreting Fed.R.Evid. 704(b) as preventing expert witnesses from offering any opinion testimony concerning mental state. Aho argues this was error, and we agree.
 
 
 3
 Rule 704(b) does not prohibit all opinion testimony by expert witnesses concerning mental state or condition. Thus, the psychiatrist could have offered his expert opinion, for example, on whether his examination showed Aho suffered from a serious mental disease. Rule 704(b) prohibits only opinion as to ultimate issues, such as whether a defendant was sane or insane at the time of the crime.
 
 
 4
 The plain language of Rule 704, entitled "Opinion on Ultimate Issue," makes clear Rule 704 applies only to opinion testimony on ultimate issues. The legislative history confirms Rule 704(b) was intended by Congress to prohibit only "expert opinion testimony on the ultimate legal issue of whether the defendant was insane" and was intended "to eliminate the confusing spectacle of competing expert witnesses testifying to directly contradictory conclusions as to the ultimate legal issue to be found by the trier of fact." See S.Rep. No. 225, 98th Cong., 2d Sess. 222, 230, reprinted in 1984 U.S.C.C.A.N. 3182, 3404, 3412 (emphasis added). We are unaware of any case holding Rule 704(b) bars all psychiatric opinion testimony. See, e.g., United States v. Cox, 826 F.2d 1518, 1524-25 (6th Cir.1987) (Rule 704(b) excludes opinion testimony only as to ultimate legal issue); United States v. Alexander, 805 F.2d 1458, 1462-64 (11th Cir.1986) (same); United States v. Mest, 789 F.2d 1069, 1071-72 (4th Cir.1986) (same).[1]
 
 
 5
 Since Aho had the burden of establishing insanity by clear and convincing evidence, 18 U.S.C. § 17(b) (1988), we cannot find the error in preventing Aho's sole witness in support of an insanity defense from testifying was harmless.
 
 
 6
 The trial judge also erred in refusing to instruct the jury that "wrongfulness" for the purposes of establishing a defense of insanity means moral wrongfulness, not criminal wrongfulness, see United States v. McGraw, 515 F.2d 758, 759 (9th Cir.1975), and in responding to an inquiry from the jury without first consulting with counsel, see Rogers v. United States, 422 U.S. 35, 39 (1975).
 
 
 7
 Moreover, Aho was denied a fair trial by the trial judge's numerous inappropriate interventions, such as arguing with witnesses concerning the law, reading to the jury from a document not in evidence, and expressing the judge's personal view on the merits of Aho's defense. While the trial judge has broad discretion in supervising trials, the record in this case "leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." See United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988).
 
 
 8
 The conviction is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government concedes the trial judge erred in interpreting Rule 704(b), but argues the judge barred the testimony on other grounds. The record does not support the government's contention. The trial judge explained, while instructing the jury and several other times during the trial, that the testimony was barred solely because of Rule 704(b)