47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
James Ambrose MCGRATH, Defendant/Appellant.
 No. 94-50071.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995*
Decided Feb. 21, 1995.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges and SHADUR,** Senior District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 James A. McGrath appeals from his conviction for nine counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and nine counts of using a firearm during and in relation to federal crimes of violence in violation of 18 U.S.C. Sec. 924(c). McGrath argues that there was insufficient evidence before the jury to establish that he was sane at the time of the charged offenses or, in the alternative, that the District Court erred when it denied McGrath's motion for judgment of acquittal.
 
 
 4
 Both those challenges are tested by the same standard of review. United States v. Manarite, Nos. 93-10527, 93-10528, 1995 WL 3239, at * 2, 1995 U.S.App. LEXIS 104, at * 6 (9th Cir. Jan. 6). In each instance the evidence is examined in the light most favorable to the government to determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Id., quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 5
 Under 18 U.S.C. Sec. 17 McGrath's insanity defense required that he establish by clear and convincing evidence that (1) at the time of the crime he suffered from a serious mental disease or defect (2) that prevented him from appreciating the nature and quality or wrongfulness of his acts. United States v. Knott, 894 F.2d 1119, 1121 (9th Cir.1990). In resolving those issues it was for the jury to select from among competing inferences to be drawn from the evidence. United States v. Bilson, 648 F.2d 1238, 1239 (9th Cir.1981) (per curiam) (because Bilson was decided before 18 U.S.C. Sec. 17 shifted the burden of an insanity defense to the defendant, its principle applies here with at least equal force). In light of (1) evidence adduced at trial that McGrath carefully plotted and executed the robberies, disguising himself with ski masks, false mustaches, latex gloves and even postal uniforms on one occasion, and (2) McGrath's own admission that he was "fully aware" that it was against the law to rob banks and that such conduct was also morally wrong, neither the jury's verdict nor the District Court's refusal to override that verdict will be disturbed.
 
 
 6
 * * *
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3