UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10435 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00360-JAM-1 Eastern District of California, Sacramento |
| v. | |
| JAMES THOMAS FLOCKER, | |
| Defendant - Appellant. | ORDER |

Before:  HAWKINS, GOULD, and MURGUIA Circuit Judges.

Appellant's Petition for Panel Rehearing and Suggestion for Rehearing En Banc is granted in part with respect to the drawing of a replacement judge after Judge Betty Fletcher's death.  Judge Gould having been drawn to replace Judge Fletcher, we withdraw the previously-filed Memorandum disposition dated November 5, 2012, and file a Memorandum disposition concurrently with this Order.  The remainder of the petition is denied without prejudice to renewal.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10435 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00360-JAM-1 |
| v. | |
| JAMES THOMAS FLOCKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: HAWKINS, GOULD,[**] and MURGUIA, Circuit Judges.

James Thomas Flocker ("Flocker") appeals from his jury trial conviction on

three counts involving possession and distribution of images depicting minors

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] Judge Ronald M. Gould was drawn to replace Judge Betty Binns Fletcher.
Judge Gould has read the briefs, reviewed the record, and listened to the audio
recording of oral argument held on October 17, 2012.

engaged in sexually explicit conduct.[1]  Flocker alleges a variety of errors, including evidentiary rulings, instructional error, and insufficiency of the evidence.  We affirm.

The district court did not abuse its discretion in admitting the testimony of the government computer expert.  The court held an evidentiary hearing on the expert's qualifications and methodology, and reasonably concluded the requirements of *Daubert*[2] and Federal Rule of Evidence 702 were satisfied.  Although Detective Partika was not officially California certified at the time he conducted his examination of Flocker's computer, he had taken and successfully completed several advanced courses in forensic examination of data and conducted the computer examination applying generally accepted methods and software.  *See United States v. Smith*, 520 F.3d 1097, 1105 (9th Cir. 2008); *United States v. Abonce-Barrera*, 257 F.3d 959, 965 (9th Cir. 2001).  Flocker's counsel did highlight some minor deviations from protocol, but those go to the weight of the testimony and not its threshold admissibility.  *See S.M. v. J.K.*, 262 F.3d 914, 921 (9th Cir. 2001); *United States v. Senchenko*, 133 F.3d 1153, 1157 (9th Cir. 1998).

---

[1] Specifically, Flocker was convicted of  transportation of such images in violation of 18 U.S.C. § 2252(a)(1), distribution in violation of 18 U.S.C. § 2252(a)(2), and possession in violation of 18 U.S.C. § 2252(a)(4)(B).

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Nor did the district court abuse its discretion by admitting evidence of four prurient stories as other act evidence of Flocker's intent under Federal Rule of Evidence 404(b). Flocker's primary objection is that the jury could have improperly used the stories to inform its decision of whether the photos of young boys urinating—naked or partially clothed—were lascivious exhibitions of genitalia, instead of looking only at the four corners of the photographs. However, the court did not admit the stories for that purpose. The government was also required to prove that Flocker knew (at the time he emailed them) that the photos were lascivious and sexually exploitative of children. These stories—involving urination between adults and children in a sexual context—were admitted as relevant to Flocker's knowledge and intent. *Cf. United States v. Curtin*, 489 F.3d 935, 948–50 (9th Cir. 2007) (en banc). The court partially redacted the stories and gave a specific limiting instruction (both at the time of introduction and again at close of evidence) that they were to be used only for this limited purpose, and a presumption arises that the jury followed those instructions. *See United States v. Sullivan*, 595 F.2d 7, 8–9 (9th Cir. 1979).

Viewing all evidence in the light most favorable to the government, as we are required to do,[3] there was sufficient evidence to support the interstate commerce element of Counts 1 and 2. With respect to Count 1 (transportation), there was

---

[3] *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

uncontested testimony that agents investigated the person to whom Flocker sent emails with photos (from California) and believed the recipient was in Spartanburg, South Carolina. Supporting Count 2 (distribution) was testimony that a series of photos involving a young victim (the "Jesse" series) had been taken in Kentucky and one of the photos Flocker uploaded to Yahoo! involved this same victim and same background. *See United States v. Lynn*, 636 F.3d 1127, 1135 (9th Cir. 2011).

The district court did not plainly err by failing to give a specific unanimity instruction with respect to each count. The court gave a general unanimity instruction and the evidence in this case was not so complex or confusing that a more specific instruction was required, especially because the counts were based on a single upload (Count 2) and a single email (Count 1). *See United States v. Anguiano*, 873 F.2d 1314, 1319–20 (9th Cir. 1989); *United States v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983). Moreover, although the jury needed to unanimously agree that the defendant committed each element of the crime, it was not required to agree on which of several possible means the defendant used to commit a particular element. *Schad v. Arizona*, 501 U.S. 624, 631–32 (1991); *see also United States v. Hofus*, 598 F.3d 1171, 1176–77 (9th Cir. 2010).

Finally, there was no plain error in the district court's instruction on the interstate commerce element of Count 2. Even assuming error in failing to inform the

4

jury it needed to find the photographs had traveled in interstate commerce before Flocker uploaded them to the Yahoo! group, any such error did not affect Flocker's substantial rights. As noted above, there was uncontested testimony that one of the pictures in the California-based upload was from the Jesse series which had been photographed in Kentucky and thus had traveled in interstate commerce before the upload.

**AFFIRMED**.